UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

```
-------------------------------------------------------X
                                                      : Civil Action 06-6004(PGS)
GIUSEPPINA PRINZIVALLI,                               :
                                                      :
         Plaintiff,                                   :
                                                      :
                                                      : REPORT AND RECOMMENDATION
         v.                                           :
                                                      :
                                                      :
ARUBA PHOENIX BEACH RESORT,                           :
et al.,                                               :
                                                      :
         Defendants.                                  :
-------------------------------------------------------X
```

This matter comes before the Court on the motion of Defendant, Divi Phoenix, d/b/a Divi Aruba Phoenix Beach Resort ("Divi") to dismiss the above referenced action against it for lack of personal jurisdiction. This Court will present its opinion via report and recommendation as permitted pursuant to L. Civ. R. 72.1(a). For the reasons set forth herein, it is respectfully recommended that the Divi's Motion be dismissed without prejudice pending further discovery on the jurisdictional issue.

## BACKGROUND

The allegations in this case are well known to the parties and will not be repeated here at length. On or about November 5, 2006, Giuseppina Prinzivalli ("Plaintiff"), filed a one count Complaint in the Superior Court of the State of New Jersey, Middlesex County, Docket No. MID-L-8763-06. [Document No. 1]. Plaintiff alleges that on February 12, 2005, she was on the resort property of Divi on the Island of Aruba when she suffered personal injuries as a result of a

slip and fall due to the negligence of Divi and therefore, is entitled to damages. [Id.].[1] Plaintiff served the Summons and Complaint, intended for Divi, on a company known as Divi Hotels Marketing ("DHM") at 6340 Quadrangle Drive, Suite 300, Chapel Hill, North Carolina. [Muller Aff. ¶ 10, EX. A]. Divi contends that DHM is a separate corporation and is not authorized to accept service on behalf of Divi.

On December 13, 2006, Divi removed the matter to this Court and filed an Answer setting forth several affirmative defenses. [Document Nos. 1 and 2]. On March 28, 2007, Divi filed the within Motion to Dismiss for lack of personal jurisdiction alleging that service on DHM is not effective on Divi or in the alternative that Aruba is the more convenient forum.

## PARTIES' ARGUMENTS

Divi is a limited liability company organized under the laws of the island of Aruba. [Muller Aff. ¶ 6]. Divi alleges that its principle place of business is located in Oranjestad, Aruba and that it does not: (1) transact any business within the state of New Jersey; (2) contract anywhere in New Jersey for the supply of goods or services; (3) own, use, lease or occupy real estate in New Jersey; (4) have any vendors in the state of New Jersey; (5) have any bank accounts in the state of New Jersey; (6) pay taxes to the United States, the state of New Jersey or any city in the state of New Jersey; (7) have any office, communications or utility services in the state of New Jersey; (8) have any employees in the state of New Jersey; (9) advertise in any broadcast or print media in the state of New Jersey; and (10) have an internet server in New Jersey although it does have a website accessible by New Jersey residents. [Id. ¶¶ 6-7]. Divi also claims that it is

---

[1] On or about April 4, 2002, Plaintiff's parents entered into a lease agreement for a one bedroom timeshare with Divi at its Aruba resort. At that time, the existing lease agreement was between Simon and Annette Kravitz, Pennsylvania residents and Divi. Essentially, the Kravitz's were assigning their existing timeshare lease to Plaintiffs's parents. At the time of the alleged incident, Plaintiff was at her parent's timeshare.

not licensed or registered with the New Jersey Department of State to do business as a domestic or foreign corporation in the State of New Jersey. [Id. ¶¶ 7-8].

Despite the above, Divi alleges that Plaintiff attempted to gain personal jurisdiction over Divi by serving the Summons and Complaint on DHM at DHM's North Carolina address. It is Divi's position that DHM is a separate corporation and is not authorized to accept service for Divi.

On the other hand, Plaintiff asserts that Divi has representatives located in the state of New Jersey and maintains marketing and sales contracts with various travel agencies in New Jersey. Moreover, Plaintiff contends that Plaintiff's parents, the persons who entered into the contract for the Aruba timeshare, were specifically instructed to complete and return the title transfer documents for the timeshare, along with the applicable transfer fees and a copy of the lease agreement to the "Member Relations Department" at Divi Resorts, located at 6340 Quadrangle Drive, Suite 300, Chapel Hill, North Carolina. [Plaintiff's Brief in Opposition, EX. C]. The title transfer documentation and assignment of lease agreement were executed by Plaintiff's parents in New Jersey. [Plaintiff's Brief in Opposition, 2]. Subsequent to the signing of the assignment documents, Divi sent Plaintiff's parents correspondence in New Jersey specifically noting the convenience of a United States Member Relations Office, located in North Carolina, which would satisfy any ongoing needs of the timeshare owners. [Id.]. This Court has reviewed said correspondences and they do, in fact, indicate that they were sent from DHM at the North Carolina address. Yet, they are on Divi's letterhead. Plaintiff contends that this is sufficient to support their service of the Summons and Complaint on Divi in North Carolina and in turn, provides sufficient minium contacts for this Court to assert personal jurisdiction over Divi.

The question before this Court then, is whether those correspondence mentioned above,

in conjunction with certain other facts, provides enough evidence for this Court to determine whether this Court may retain personal jurisdiction over Divi.[2]

## DISCUSSION

"The advent of the Internet has required courts to fashion guidelines for when personal jurisdiction can be based on a defendant's operation of a web site. Courts have sought to articulate a standard that both embodies traditional rules and accounts for new factual scenarios created by the Internet." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003). Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the "plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." *Id.* (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Beyond this basic nexus, for a finding of specific personal jurisdiction, the Due Process Clause of the Fifth Amendment requires (1) that the "defendant have constitutionally sufficient 'minimum contacts' with the forum," *id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,'" *id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)). The first requirement, "minimum contacts," has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp.*, 471 U.S. at 475). "Second, jurisdiction exists only if its exercise 'comports with traditional notions of fair play and substantial justice,' i.e., the defendant 'should reasonably anticipate being haled into

---

[2] There are several other arguments presented by Divi in support of its motion to dismiss. While this Court may find some of those arguments compelling, they cannot be reached unless and until this Court determines that it has adequate personal jurisdiction over Divi.

court' in that forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery should be sustained. *Toys "R" Us*, 318 F.3d at 456.

"Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id. See, e.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 2002 U.S. Dist. LEXIS 15099, 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F. Supp. 996, 1001 (D.N.J. 1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, 1989 U.S. Dist. LEXIS 13605, 1989 WL 136277, at *1 (E.D. Pa. Nov. 8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).

As stated above, the parties have provided at least some evidence that Divi and DHM both participate in corporate functions to the benefit of Divi. The correspondence alone provides

sufficient factual allegations "with reasonable particularity" as to the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank*, 960 F.2d at 1223. The correspondence suggesting DHM, in North Carolina, as the appropriate place to contact with questions and to send payment to is even on Divi's letterhead. [Plaintiff's Brief in Opposition, Exs. B and C]. Critically, where the Court is equally as confused as Plaintiff about the relationship between Divi and DHM, Plaintiff's claim cannot be clearly frivolous. *See Massachusetts School of Law at Andover,* 107 F.3d 1026 at 1042. There is insufficient evidence before this Court to determine the full extent of the relationship between Divi and DHM to determine whether such relationship rises to the level of minium contacts and hence gives this Court personal jurisdiction.

Therefore, based on the lack of sufficient evidence before this Court regarding the relationship between Divi and DHM, this Court respectfully recommends that Divi's Motion to Dismiss be denied without prejudice pending discovery on jurisdiction.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Divi's Motion to Dismiss be denied without prejudice pending discovery on jurisdiction.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**
