**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUISEPINNA PRINZIVALLI | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-cv-6004 (PGS) |
| v. | : | |
| ARUBA PHOENIX BEACH RESORT | : | **OPINION** |
| Defendant. | : | |

### SHERIDAN, U.S.D.J.

This matter is before the Court by way of an objection to a Report and Recommendation of Magistrate Judge Salas. The Magistrate Judge recommended that jurisdictional discovery be conducted on whether the Court should assert personal jurisdiction over Divi, and if yes, whether the manner of service was appropriate.

Divi's objection to the Report and Recommendation is that jurisdictional discovery is not warranted. According to Divi, the Magistrate Judge failed to consider a forum selection clause ("FSC") which by its terms, rests jurisdiction in the Courts of Aruba.

Factually, plaintiff's parents had been assigned a lease of a one bedroom timeshare from a third party. In the lease agreement, there is a FSC. It states:

> "[T]his Agreement shall be governed by the Laws of Aruba and exclusive jurisdiction for all disputes hereunder shall be in the courts of the Island of Aruba."

The Court finds that the FSC is not operative in this case for the following reasons. The FSC specifically applies to the "agreement . . . [and] for all disputes hereunder." The plain language of the provision limits its applicability to contractual disputes arising under the lease agreement. The

FSC does not infer or remotely suggest that all actions for all matters arising out the use of the timeshare are relegated to the Courts of Aruba. To the contrary, the FSC is a carefully tailored provision which concerns disputes arising out of the agreement. The Court must enforce the clear language of a contract in order to effectuate the intent of the parties. *J.B. v. M.B.*, 783 A.2d 707 (N.J. 2001)(noting that the intent expressed in writing controls the interpretation of a contract). There is nothing in the FSC which states it applies to a personal injury action of a third party who is not a signatory to the lease agreement or the assignment.

Divi contends that plaintiff is a third party beneficiary to the lease agreement and the assignment and therefore is bound by the provision. See *Coastal Steel Corp. v. Tilghmann Wheelabrator, Ltd.*, 709 F. 2d 190 (D.N.J. 1983).

In *Coastal*, a dispute arose between Coastal, a steel fabricator, and Sir James Farmer Norton & Co., Ltd. ("Farmer Norton"), a British steel working plant, and Tilghman, a blast unit manufacturer. Coastal had contracted with Farmer Norton to provide it with a blast unit. Farmer Norton then contracted with Tilghman to construct a blast unit. Ultimately, a dispute arose as a result of an allegedly faulty blast unit and Coastal filed both tort and contract claims against Farmer Norton and Tilghman. In enforcing a forum selection clause against Coastal, the District Court concluded that Coastal was a non-signatory, third party beneficiary to the Farmer Norton-Tilghman contract because it was the party that ultimately desired and benefitted from the blast unit. *Coastal* at 202-203. And while Coastal had asserted some tort claims such as negligent design, the Court recognized that all of Coastal's claims ultimately depended on the existence of a contractual relationship between Tilghman and Farmer Norton. *Id.* At 203. Stated another way, the court concluded that the basic source of any duty to Coastal arose from the underlying contract. Accordingly, Coastal was bound by the forum selection clause within that contract.

Unlike *Coastal*, defendant's duty to plaintiff arises from a duty of care owed to its guests and invitees; and does not arise from a contractual term.

"To qualify as a third-party beneficiary it must be shown that the contract was 'made for the benefit of that third party within the intent and contemplation of the contracting parties.'" *Hadley v. James S. Shaffer*, 2003 U.S. Dist. LEXIS 14106 *13-14 (Del. Aug. 12, 2003). The court must look to the terms of the contract and the surrounding circumstances to determine whether the contracting parties intended the individual to be a third-party beneficiary. The primary focus of this inquiry is the intention of the parties. *See, E.I. DuPont & Co., v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 197 (3d. Cir. 2001)(declining to enforce an arbitration clause because there was no evidence that the parent was "anything more than an incidental beneficiary"). Without this intention to confer a benefit, the third party just so happens to benefit and he or she will have no contractual rights under the agreement. An incidental beneficiary is not bound by a forum selection clause. *See Reider Communities, Inc. v. N. Brunswick Twp.*, 227 N.J.Super. 214, 222, 546 A.2d 563 (App.Div. 1988)(incidental third-party beneficiaries have no cause of action to enforce contractual promises). In distinguishing *Coastal Steel*, the Third Circuit in *E.I. Dupont* stated, "if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." 269 F.3d at 196-97; *Viking Yacht Co. v. Composites One LLC*, 496 F.Supp.2d 462, 466 (D.N.J. 2007).

Similarly, the Defendants have not demonstrated that the parties envisioned that the Lease Agreement would confer a direct benefit upon the Plaintiff. To accept Divi's construction of the forum selection clause, it would mean that all invitees of Plaintiff's parents are bound by it. Such a broad construction of the third-party beneficiary doctrine simply does not square with the case law.

Conclusion

Based on the above, the court accepts the Report and Recommendation. Jurisdictional discovery shall commence immediately, and be concluded within sixty (60) days. This discovery will include both whether an exercise of personal jurisdiction over Divi is appropriate as well as the manner of service. *See generally, Sablic v. Croatia Line*, 719 A.2d 172 (N.J. Super. Ct. App. Div. 1998).

*/s/ Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.,

Conclusion

Based on the above, the court accepts the Report and Recommendation. Jurisdictional discovery shall commence immediately, and be concluded within sixty (60) days. This discovery will include both whether an exercise of personal jurisdiction over Divi is appropriate as well as the manner of service. *See generally, Sablic v. Croatia Line*, 719 A.2d 172 (N.J. Super. Ct. App. Div. 1998).